United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))
No. 05-20519
Summary Calendar
)))))))))))))))))))))))))))

COURTNEY ANTHONY DONALDSON,

Plaintiff-Appellant,

versus

HIPOLITO M. ACOSTA, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-911

_____

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:[*]

I.    BACKGROUND

     Petitioner-Appellant Courtney Anthony Donaldson, a thirty-five
year-old citizen of Jamaica, entered the United States as a resident
alien on September 20, 1984, at the age of fourteen.  On April 20,
1989, Donaldson was indicted for possession of between five and
fifty pounds of marijuana in Chambers County, Texas.  The jury

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

returned a verdict of guilty on November 13, 1990.  On January 9, 1991, the court granted Appellant deferred adjudication, placing him on probation for ten years.  Donaldson was discharged from probation on August 17, 1994.

On January 21, 1997, Appellant filed his first application for naturalization.  An immigration agent, however, determined that Donaldson's conviction both disqualified him from admission to citizenship and made him subject to removal from the United States as an alien convicted of a controlled substance offense.  Appellant received a Notice to Appear, which placed him in removal proceedings based on his prior conviction.  The Notice to Appear was later amended to add as an additional ground for removal that his conviction was also an aggravated felony which occurred after November 29, 1990.

While Donaldson sought to have the removal proceedings terminated pursuant to 8 C.F.R. § 239.2(f)[1] in order to pursue his

---

[1] Title 8 C.F.R. § 239.2(f) provided:
> Termination of removal proceedings by immigration judge.  An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors;  in every other case, the removal hearing shall be completed as promptly as possible notwithstanding the pendency of an application for naturalization during

request for immediate naturalization, the Immigration Naturalization Service ("INS") opposed the motion. The INS argued that Appellant was unable to demonstrate prima facie eligibility for naturalization under 8 C.F.R. § 239.2(f) because his conviction rendered him unable to satisfy the requisite "good moral character" requirement defined by 8 C.F.R. § 316.10(b)(1)(ii).[2] In addition, the government moved to pretermit Donaldson's application for a waiver pursuant to former section 212(c) of the Immigration and Nationality Act ("INA").[3]

On April 24, 2002, the immigration judge ("IJ") denied Appellant's motion to terminate the removal proceedings, finding that Donaldson had failed to establish prima facie eligibility for naturalization because of his conviction that occurred after November 29, 1990. The IJ denied the government's motion to pretermit, and later granted Donaldson's application for relief under section 212(c) of the INA, which allowed Appellant to remain

---

any state of the proceedings. 8 C.F.R. § 239.2(f)(2001). Title 8 C.F.R. § 239.2(f) is now codified without substantive change at 8 C.F.R. § 1239.2(f).

[2] 8 C.F.R. § 316.10(b)(1)(ii) provides that "[a]n applicant shall be found to lack good moral character, if the applicant has been...[c]onvicted of an aggravated felony as defined in section 101(a)(43) [codified at 8 C.F.R. § 1101(a)(43)] of the Act on or after November 29, 1990."

[3] Before the effective dates of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), section 212(c) of the Immigration and Nationality Act of 1952 was interpreted to give the Attorney General broad discretion to waive deportation of resident aliens.

-3-

in the United States as a legal resident. Although both parties initially reserved their rights to appeal, they formally agreed that if Donaldson withdrew his appeal of the determination that he was convicted of a disqualifying felony, the government would not appeal the grant of section 212(c) discretionary relief.

On November 26, 2001, Donaldson filed a second application for naturalization. On February 8, 2003, however, the examining officer denied Donaldson's application for citizenship because his January 9, 1991 conviction rendered him ineligible for naturalization. After Appellant exhausted his administrative remedies, he appealed the denial of his application for naturalization to the district court. Donaldson filed a motion for summary judgment on September 16, 2004. Respondent-Appellee opposed Donaldson's motion and filed a cross-motion for summary judgment. The magistrate judge, sitting by agreement of the parties, granted Respondent-Appellee's cross-motion for summary judgment. The Court held that res judicata barred Appellant from relitigating the IJ's 2002 finding that Donaldson had failed to establish prima facie eligibility for naturalization because of his 1991 conviction. Additionally, the court found that even if res judicata were not applicable, a *de novo* review of Donaldson's naturalization petition would lead to the same result. Petitioner-Appellant now seeks review of the district court's granting of Respondent-Appellee's Cross-Motion for Summary Judgment.

## II.  STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999).

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  When making its determination, the court must draw all justifiable inferences in favor of the nonmoving party. *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence. *Anderson*, 477 U.S. at 251.  Rather, a factual dispute precludes a grant of summary judgment if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *See Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999).

III. DISCUSSION

Appellant makes three claims. First, Donaldson asserts that res judicata does not bar his claims because the IJ lacked the statutory authority to determine prima facie eligibility for naturalization. Second, he contends that his conviction is not valid due to a legal error on the part of the state judge. Lastly, he maintains that even if his conviction is deemed valid, the date of his conviction should be November 3, 1990. We will consider each claim in turn.

### A. *Res Judicata Bars Appellant's Claims*

The district court properly determined that res judicata precludes Appellant from relitigating the IJ's 2002 finding that Donaldson had failed to establish prima facie eligibility for naturalization because of his 1991 conviction. Appellant argues, however, that res judicata does not bar his claims because the IJ lacked the statutory authority to determine prima facie eligibility for naturalization. Specifically, Donaldson asserts that while the IJ had jurisdiction over whether "exceptionally appealing or humanitarian factors"[4] were involved in the case, a finding of prima facie eligibility for naturalization must be made by the United States Citizenship and Immigration Services. Accordingly, Appellant maintains that because Congress specifically mandated authority over naturalization exclusively to the Department of Homeland Security

---

[4] See 8 C.F.R. § 239.2(f), *supra*.

(formerly the INS), the issue of prima facie eligibility for naturalization was never properly before the IJ. *See* 8 U.S.C. §§ 1446(b)&(d). Stated another way, Appellant argues that although the immigration judge decided the issue, because he did not have jurisdiction over the issue, res judicata does not bar Appellant from litigating the issue here.

The canon of res judicata encompasses two separate, but interrelated doctrines: 1) true res judicata or claim preclusion; and 2) collateral estoppel or issue preclusion. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). While claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit,...[c]ollateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action." *Id.* at 571, 572.

Here, Appellant is collaterally estopped from relitigating the issue of whether he is prima facie eligible for naturalization. Pursuant to 8 C.F.R. § 239.2(f), the IJ, properly found that Appellant failed to establish prima facie eligibility for naturalization because he failed to submit the affirmative

-7-

communication from the INS supporting his eligibility. In fact, the Service opposed Donaldson's request for naturalization. The issue presently at stake is identical to the one decided by the IJ in 2002. Moreover, the issue was properly before the IJ because it was integral to the determination of whether the IJ could terminate removal proceedings. Hence, the district court properly granted Respondent-Appellee's Cross-Motion for Summary Judgment because the doctrine of collateral estoppel precluded Donaldson from relitigating the IJ's 2002 finding that Appellant had failed to establish prima facie eligibility for naturalization because of his 1991 conviction.

B. *Appellant's Conviction Is Valid*

Next, Donaldson claims that his conviction is not valid due to a legal error on the part of the state judge. Appellant argues that because he was convicted by a jury for possession of marijuana but did not plead guilty to the charge, the state judge, in violation of Texas law, offered him deferred adjudication.[5]

First, we do not allow the review of immigration proceedings to be used as a forum for attacks on related convictions. *See Zinnanti v. INS*, 930 F.2d 432, 434-35 (5th Cir. 1991). More

_____

[5] Section 5(a) of article 42.12 of the Texas Code of Criminal Procedure provides that a "judge may, after receiving a **plea of guilty or plea of nolo contendere**, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12 §5(a)(emphasis added).

importantly, federal law, not state law, determines whether or not Appellant has been "convicted" for purposes of the INA. *See Moosa v. INS*, 171 F.3d 994, 1006 (5th Cir. 1999); *Yazdchi v. INS*, 878 F.2d 166, 167 (5th Cir. 1989). Congress added a definition of "conviction" to the INA in Section 322(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").[6] Section 322(a) states:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by the court or, if adjudication of guilt has been withheld, where--
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48).

Our case law provides that deferred adjudications in Texas are "convictions" for immigration purposes. *Moosa v. INS*, 171 F.3d at 1006. Moreover, the two elements of section 322(a) have been met: a jury found Donaldson guilty and Appellant was sentenced to a ten-

---

[6] The definition is codified at 8 U.S.C. § 1101(a)(48). The definition applies retroactively to deferred adjudications entered prior to IIRIRA's enactment. *Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 334 (5th Cir. 2004).

year term of deferred adjudication probation.[7]

   C.   *Appellant was convicted on January 9, 1991*

Because both of the statutory requirements were not met until January 9, 1991, this court agrees with the district court that Appellant was not officially convicted under the terms of section 322(a) until January 9, 1991.  Consequently, this Court concludes that Appellant's disqualifying conviction renders him unable to demonstrate the requisite "good moral character" necessary for naturalization.  Hence, the district court properly granted summary judgment for the Respondent-Appellee.

IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's granting of Respondent-Appellee's Cross-Motion for Summary Judgment.

   AFFIRMED.

---

[7]A fixed term of probation constitutes punishment.  *See Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 640 n.11 (1988).