**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-20065
Summary Calendar

SATBIR SINGH

Plaintiff-Appellant

v.

ERIC H HOLDER, JR., US ATTORNEY GENERAL; JANET NAPOLITANO,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY; SHARON A
HUDSON, District Director US Citizenship and Immigration Services

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Plaintiff-Appellant Satbir Singh ("Singh") appeals the district court's order awarding summary judgment to Defendants-Appellees Eric H. Holder, Jr., Janet Napolitano,[1] and Sharon A. Hudson (collectively "Defendants") on his challenge to the rejection of his Application for Naturalization. He argues that the district court erred in concluding that the Immigration and Naturalization Service

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted current U.S. Attorney General Eric H. Holder, Jr. and current Secretary of Homeland Security Janet Napolitano for former U.S. Attorney General Alberto Gonzales and former Secretary of Homeland Security Tom Ridge as parties to this suit.

("INS") properly found that he is statutorily ineligible for naturalization as a U.S. citizen. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Singh, a native and citizen of India, entered the United States in 1987. On October 29, 1987, a Virginia jury found him guilty of the felony of unlawful wounding. *See* VA. CODE ANN. § 18.2-51. After his conviction, but before his sentencing, Singh fled the jurisdiction and ultimately the country. He was recaptured and taken into custody when he attempted to re-enter the United States in 1998. On May 15, 1998, a Virginia court sentenced him to fifteen months' imprisonment for his unlawful wounding conviction.

After serving his sentence, Singh applied for naturalization, filing Form N-400 with the INS. INS District Director Sharon A. Hudson reviewed Singh's application and denied it on the ground that he was convicted of an aggravated felony on or after November 29, 1990, as defined in the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10(b)(1)(ii). In her written opinion, Hudson concluded that unlawful wounding constitutes an aggravated felony and that the date the court sentenced Singh—May 15, 1998—not the date on which the jury rendered its verdict, was the "date of conviction" for INA purposes. Thus, Singh failed to meet his burden of proving good moral character, *see* 8 C.F.R. § 316.10(a)(1), and the INS deemed him permanently ineligible for naturalization.

Singh challenged this determination in the U.S. District Court for the Southern District of Texas, arguing that (1) unlawful wounding under Virginia law is not an aggravated felony and (2) the date of his conviction was October 29, 1987—the date the jury found him guilty—not May 15, 1998. The district court rejected Singh's arguments and granted Defendants' motion for summary judgment. Singh timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over the district court's final order granting Defendants summary judgment under 28 U.S.C. § 1291.

We review de novo a district court's award of summary judgment. *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2007). Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We view the facts in the light most favorable to the nonmovant and will draw all inferences in his favor. *See id.* (citing *Baker v. Am. Airlines, Inc.*, 430 F.2d 750, 753 (5th Cir. 2005)).

## III. DISCUSSION

Under the INA, a person cannot show the good moral character required for naturalization if, *inter alia*, he has been convicted of an aggravated felony on or after November 29, 1990. 8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10(b)(1)(ii). On appeal, Singh argues that the district court erred in concluding that (1) his unlawful wounding conviction constitutes a conviction of an aggravated felony and (2) the date of his conviction was May 15, 1998, which is after the relevant statutory date of November 29, 1990. We address each argument in turn.

### A.    Conviction of an Aggravated Felony

The INA defines "aggravated felony" as including "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). A "crime of violence," as defined in 18 U.S.C. § 16, is

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

"In determining whether an offense has as an element the use, attempted use, or threatened use of physical force against the person of another, this court uses the categorical approach set forth in *Taylor v. United States*, 484 U.S. 575, 600-02 (1990), and examines the elements of the offense, rather than the facts underlying the conviction." *United States v. Mendoza-Sanchez*, 456 F.3d 479, 482 (5th Cir. 2006). The categorical approach similarly applies to our determination as to whether an offense qualifies as a crime of violence under § 16(b). *See Nguyen v. Ashcroft*, 366 F.3d 386, 390 (5th Cir. 2004).

A jury convicted Singh of unlawful wounding under VA. CODE ANN. § 18.2-51. This section provides,

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Thus, it defines two offenses. In Virginia, a Class 3 felony is punishable by "a term of imprisonment of not less than five years nor more than 20 years," and a Class 6 felony by "a term of imprisonment of not less than one year nor more than five years." VA. CODE ANN. § 18.2-10(c), (f).

Singh asserts that his unlawful wounding conviction does not qualify as a crime of violence for three reasons. First, Singh cursorily challenges the validity of his unlawful wounding conviction. However, Singh has not alleged that his conviction has been overturned, and he may not collaterally attack the legitimacy of the conviction here. *See Brown v. U.S. INS*, 856 F.2d 728, 731 (5th

Cir. 1988); *see also Zinnanti v. INS*, 651 F.2d 420, 421 (5th Cir. 1981) ("Once the [state criminal] conviction becomes final, it provides a valid basis for deportation unless it is overturned in a judicial post-conviction proceeding.").

Second, Singh argues that his unlawful wounding conviction, if valid, was for a misdemeanor and therefore cannot be an aggravated felony. Citing the Virginia Supreme Court's decision in *Banner v. Commonwealth*, 133 S.E.2d 305 (Va. 1963), Singh argues that notwithstanding his felony conviction under VA. CODE ANN. § 18.2-51, unlawful wounding is not a crime within the scope of Virginia's Maiming Act. However, this contention also amounts to an impermissible collateral attack on the validity of Singh's Virginia conviction, which we reject.[2]

Finally, Singh notes that this court has applied a modified categorical approach to find an aggravated battery conviction under Kansas law not to be an aggravated felony. *See Larin-Ulloa v. Gonzales*, 462 F.3d 456, 467-70 (5th Cir. 2006). In *Larin-Ulloa*, we observed that the applicable statutory section could be divided into two parts and that a violation of either would constitute an aggravated battery. *Id.* at 465. The petitioner "posit[ed] several hypothetical

---

[2] Moreover, *Banner* is inapposite. In *Banner*, the court merely noted that to fall within the scope of the Maiming Act, an unlawful wounding must be "done with the requisite 'intent to maim, disfigure, disable, or kill.'" 133 S.E.2d at 309. Because the verdict in that case did not so provide or "state that it was committed 'as charged in the indictment,'" the court held the crime to be outside of the Maiming Act. *Id.* Singh cannot collaterally raise a similar argument here. Additionally, the *Banner* court construed a prior version of the Maiming Act which did not expressly declare unlawful wounding a felony. However, in 1975, the Virginia legislature amended the statute to so provide. VA. CODE ANN. § 18.1-65 (Repl. Vol. 1960), *amended by* Va. Acts of Assembly 1975, chs. 14-15, *codified at* VA. CODE ANN. § 18.2-51 (Repl. Vol. 1975); *see also Twentieth Annual Survey of Developments in Virginia Law 1974-1975*, 61 VA. L. REV. 1627, 1706 & n.57. Thus, the statute that Singh was convicted of violating expressly provides that unlawful wounding is a felony in Virginia.

Given the express wording of VA. CODE ANN. § 18.2-51, Singh's reliance on *Macomas v. Warth*, 167 S.E. 96, 96-97 (W. Va. 1932), in which the West Virginia Supreme Court construed a West Virginia law and held that "to support a finding of unlawful wounding under [West Virginia law] . . . there must be intent to produce a permanent disability or disfiguration," is similarly misplaced.

scenarios that would arguably involve violations of the second part [of the statute] but that do not involve the use of physical force" so as not to constitute a crime of violence. *Id.* at 466-67. We agreed that a person could violate the second part of the statute without using physical force and that, therefore, a violation of that section of the statute would not amount to a crime of violence. *Id.* Because the record did not indicate which section of the statute the petitioner violated, we vacated the order providing for his removal. *Id.* at 470.

Singh, however, does not argue that any portion of the unlawful wounding statute under which he was convicted can be violated without using force sufficient to render the violation a crime of violence.[3] He offers no hypothetical situations in which a person could commit an unlawful wounding that does not constitute a crime of violence, nor does he even attempt to parse the statute's language. Moreover, Singh has utterly failed to raise any argument that "the conduct encompassed by the elements of the offense, in the ordinary case, [does not] present[] a serious potential risk of injury to another." *See James v. United States*, 550 U.S. 192, 208 (2007); *see also Perez-Munoz v. Keisler*, 507 F.3d 357, 363 (5th Cir. 2007) (quoting *James*, 550 U.S. at 208). Accordingly, he has waived any such argument.[4] *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) ("Failure of an appellant to properly argue or present issues in an appellate brief renders those issues abandoned."). Notably, the only federal court to address the question of whether unlawful wounding under VA. CODE ANN. § 18.2-51 constitutes a crime of violence found in a slightly different

---

[3] Rather, he merely makes conclusive assertions that his unlawful wounding conviction is not a conviction for a crime of violence and cites decisions from other jurisdictions that addressed the crimes of assault and domestic battery. Under Virginia law, however, assault and battery is a separate offense of lesser degree than unlawful wounding. *See* VA. CODE ANN. § 18.2-54. Thus, Singh's citations are inapposite.

[4] We express no opinion on the possible merit of such an argument.

context that it does. *See Taylor v. United States*, No. Civ.A. 7:05-CV-00244, 2005 WL 1950148, at *1 (W.D. Va. Aug. 11, 2005).

Therefore, because Singh has offered no meritorious reason that his unlawful wounding conviction is not a crime of violence, and because unlawful wounding is punishable by imprisonment for at least one year, we hold that he was convicted of an aggravated felony within the meaning of the INA.

## B.    Date of Conviction

Although Singh was convicted of an aggravated felony, to deny him naturalization on this ground,  this conviction must have occurred on or after November 29, 1990. *See* 8 U.S.C. § 1101(f)(8); 8 C.F.R. § 316.10(b)(1)(ii).  Singh argues that the date of his unlawful wounding conviction is October 29, 1987—the date on which the jury found him guilty—not May 15, 1998—the date on which the Virginia court ultimately sentenced him.

In Section 322(a) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Congress added a definition of "conviction" to the INA:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>
>> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>>
>> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).  Interpreting this statute, both the Second and Third Circuits have defined "formal judgment of guilt" by reference to Federal Rule of Criminal Procedure 32(k)(1), which provides that "[i]n the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, *and the sentence*." (emphasis added); *see Puello v.*

*Bureau of Citizenship and Immigration Servs.*, 511 F.3d 324, 329 (2d Cir. 2007); *Perez v. Elwood*, 294 F.3d 552, 562 (3d Cir. 2002). Accordingly, as the *Perez* court explained,

> for the purposes of the INA, a conviction occurs when either (1) a "formal judgment of guilt of the alien [is] entered by a court," 8 U.S.C. § 1101(a)(48)(A), (and such a judgment must "set forth the plea, verdict or finding, the adjudication, and the sentence," FED[.] R. CRIM. P. 32(d)(1)); or (2) "a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt" and "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A)(i) & (ii).

294 F.3d at 562.[5]

Notably, such an understanding accords with the Supreme Court's pronouncement that "'[f]inal judgment in a criminal case . . . means sentence. The sentence is the judgment.'" *Corey v. United States*, 375 U.S. 169, 174 (1963) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). It is also consistent with the requirement that a sentence must first be imposed in a criminal case to give rise to appellate jurisdiction under the final judgment rule. *See Yeloushan v. United States*, 313 F.2d 303, 304 (5th Cir. 1963).

Moreover, holding Singh's date of conviction to be the date on which he was sentenced is consistent with this court's non-precedential holding in *Donaldson v. Acosta*, 163 F. App'x 261, 266 (5th Cir. 2006) (per curiam) (unpublished), that, at least in cases involving sentences of deferred adjudication probation, 8 U.S.C. § 1101(a)(48) is not satisfied until a jury has found a person guilty *and* the court has sentenced him.

---

[5] Although the court cited Federal Rule of Criminal Procedure 32(d)(1), the quoted language makes clear that the court meant to cite Rule 32(k)(1). *Compare* FED. R. CRIM. P. 32(d)(1) (listing requirements for a presentence report), *with* FED. R. CRIM. P. 32(k)(1) (listing requirements for a judgment of conviction).

Given this precedent, we conclude that, for purposes of the INA, Singh was officially convicted of unlawful wounding when he was sentenced on May 15, 1998. Accordingly, having been convicted of an aggravated felony on or after November 29, 1990, Singh cannot prove good moral character and is statutorily ineligible for citizenship.

## IV. CONCLUSION

For the foregoing reasons, we hold that the district court properly granted summary judgment to Defendants. We therefore AFFIRM the judgment of the district court.

AFFIRMED.