REVISED September 11, 2009

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-60966
Summary Calendar

JIAO JIN LI

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 429 052

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jiao Jin Li, a citizen and native of the People's Republic of China, petitions this court for review of the Board of Immigration Appeals' order affirming the immigration judge's order denying Li's requests for asylum, withholding of removal, and withholding of removal under the Convention Against Torture. As

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the BIA affirmed the findings made by the IJ and implicitly adopted the ruling of the IJ, we review both the ruling of the IJ and the ruling of the BIA.[1]

We first turn to Li's due process arguments. Li argues that the IJ violated her due process right to a full and fair hearing by not making a separate credibility determination concerning her testimony and the testimony of her witness as the testimony related to when Li entered the United States. She contends that the IJ further violated her due process right to a full and fair hearing by excluding Chinese-language documentary evidence she submitted pursuant to 8 C.F.R. § 1003.33 because the documents did not have the required translator's certificate.

The IJ specifically found that Li did not supply documentary evidence to support her testimony and that her overall credibility had "been destroyed" due to the inconsistent statements she made and the false evidence she submitted. The IJ further found that the testimony of Li's witness was insufficient to prove Li's date of entry by clear and convincing evidence due to Li's overall lack of credibility. Despite Li's attempt to color these findings as due process insufficiencies, her claim is a challenge to the IJ's factual determination that Li had not proven by clear and convincing evidence that her asylum application was timely filed; a claim that does not rise to the level of a due process violation.[2] The reasoning behind the IJ's ruling that Li had not proven that her asylum application was filed within one year of her entry into the United States was sufficient as it demonstrated that the IJ had considered the issues raised and had "'heard and thought and not merely reacted.'"[3]

---

[1] See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

[2] See Toscano-Gil v. Trominski, 210 F.3d 470, 474 (5th Cir. 2000).

[3] Yahkpua v. INS, 770 F.2d 1317, 1321 (5th Cir. 1985) (quoting Osuchukwu v. INS, 744 F.2d 1136, 1143 (5th Cir. 1984)).

To the extent that Li challenges the IJ's exclusion of documentary evidence pursuant to § 1003.33, this court has jurisdiction only to consider the due process component of her claim because Li failed to raise the issue before the BIA.[4] Nevertheless, the IJ's exclusion of the documentary evidence in question did not in any way violate Li's due process rights. § 1003.33 proscribes the introduction of foreign language documents without accompanying English language translations and translator certifications.[5] Li did not provide translations for her Chinese-language documents, in violation of § 1003.33. Thus, the IJ's decision to exclude these document was justified and did not result in a proceeding that was "fundamentally unfair" and in violation of due process.[6]

The record shows that the IJ allowed Li to present testimony, make arguments, and submit documentary evidence. In his ruling, the IJ considered and addressed the documentary evidence, but he found that it was insufficient to establish that Li should be granted relief. Accordingly, to the extent that Li argues that the IJ violated her due process right to a full and fair hearing by not giving sufficient consideration to her documentary evidence, Li has not shown that any deficiencies rise to the level of a due process violation.[7]

Li's other arguments follow her due process claims in failure. Li argues that she met her burden of proving that she is eligible for asylum by showing

---

[4] See Falek v. Gonzales, 475 F.3d 285, 291 (5th Cir. 2007) (explaining that an alien "must exhaust before the BIA all claims that he raises in the federal courts, that is, unless they are constitutional") (emphasis added); Soadjede v. Gonzales, 324 F.3d 830, 831 (5th Cir. 2003); see also Gonzalez-Reyes v. Holder, 313 Fed. App'x 690, 694 (2009) (unpublished) ("[defendant's] constitutional claim . . . is not subject to the exhaustion requirement"); Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

[5] 8 C.F.R. § 1003.33

[6] See id.; Lin v. Gonzales, 152 Fed. App'x 475, 481 (6th Cir. 2005) (unpublished) (finding similar due process claims without merit).

[7] See Toscano-Gil, 210 F.3d at 474.

that she suffered past persecution or had a well founded fear of future persecution on account of an enumerated ground. The IJ and BIA, however, rejected Li's request for asylum based upon the factual finding that Li had not proven by clear and convincing evidence that she filed her asylum application within one year of entering the United States, making her statutorily ineligible for asylum pursuant to 8 U.S.C. § 1158(a)(2)(B). We do not have jurisdiction to consider challenges to a determination by the BIA that an asylum application was not timely filed unless the challenges are based upon constitutional claims or questions of law.[8] Li does not raise any legal or constitutional challenges to the determination that her asylum application was untimely beyond her meritless due process claims. Accordingly, we do not have jurisdiction to consider Li's argument that she is entitled to asylum, and this portion of Li's petition for review is dismissed.[9]

Li argues that she established a clear probability of persecution on account of an enumerated ground, thereby entitling her to withholding of removal. In connection with her challenge to the denial of withholding of removal, Li does not challenge the BIA's and IJ's adverse credibility determination. Instead, she argues that she was either previously forcibly sterilized or would be subject to forcible sterilization if removed to China because she has two or more children.

The IJ and BIA found that Li's testimony was not credible in its entirety, and Li does not challenge this determination. Furthermore, given the numerous inconsistencies in Li's testimony and statements and the fake evidence that Li submitted, any challenge to the adverse credibility determination would be futile.[10] The only evidence that Li submitted showing that she had been forcibly sterilized beyond her own discredited testimony consisted of medical records

---

[8] Nakimbugwe v. Gonzales, 475 F.3d 281, 284 & n.1 (5th Cir. 2007).

[9] See id.

[10] See Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002).

4

showing that she had bilateral tubal occlusion consistent with bilateral tubal ligation and a scar that was allegedly the result of surgical sterilization. Assuming arguendo that the medical evidence establishes that Li had a bilateral tubal ligation, that evidence does not establish that this procedure occurred in China or that the procedure was performed forcibly. To the extent that Li argues that she is alternatively entitled to withholding of removal because she would be subject to forcible sterilization if removed to China, Li produced no evidence showing that she remained fertile and was capable of being sterilized; instead, she produced evidence showing that she was already sterilized. As Li produced no credible evidence concerning where and how any sterilization procedure was performed and no credible evidence that she was fertile and therefore possibly subject to future forcible sterilization, the IJ and the BIA had no basis upon which to grant withholding of removal. Accordingly, the determination that Li had not shown that she was eligible for withholding of removal is supported by substantial evidence.[11]

Li does not challenge the denial of relief under the Convention against Torture, and has thus abandoned the issue.[12]

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.

---

[11] See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994).

[12] See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir.1986).