# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2010

Lyle W. Cayce
Clerk

No. 10-60010
Summary Calendar

GUSTAVE LE GRAND FILS YEN NYEMB,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 824 200

Before  REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gustave Le Grand Fils Yen Nyemb, a native and citizen of Cameroon, has petitioned for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum.[1]  Nyemb contends that the BIA erred in affirming the Immigration Judge's (IJ) adverse

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Nyemb raises no issue with respect to the BIA's dismissal of his appeal from the denial of his requests for withholding of removal and for relief under the Convention Against Torture.  Therefore, any issue that might have been raised with respect to those determinations has been waived. *See Singh v. Holder*, 568 F.3d 525, 529 (5th Cir. 2009).

credibility finding and in affirming the IJ's determination that Nyemb had failed to provide reasonably available corroborating documentation.

This court generally reviews only the BIA's decision except to the extent that the IJ's decision influences the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The substantial evidence standard test is applied in reviewing factual findings in immigration proceedings. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Nyemb filed his application after the effective date of the REAL ID Act of 2005, which amended the standards for assessing credibility.[2] *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Under the REAL Act, "[a]n applicant's testimony, alone, may be sufficient to sustain the burden of proving eligibility for asylum, 'but only if the applicant satisfies the trier of fact that [his] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.'" *Id.* (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). The IJ may consider the "totality of the circumstances" and "all relevant factors" in making a credibility determination. § 1158(b)(1)(B)(iii). An applicant's credibility is not presumed. *Id.*

Thus, "'an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible.'" *Wang*, 569 F.3d at 538-39. This court will defer "'to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.'" *Id.* In making a credibility finding, the IJ is not required to consider only inconsistencies, inaccuracies, and

---

[2] Two cases relied upon by Nyemb, *Koulibaly v. Mukasey*, 541 F.3d 613 (6th Cir. 2008), and *Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005), were not governed by the REAL ID Act. *See Koulibaly*, 541 F.3d at 620 n.2.

falsehoods that go to the heart of an applicant's claim, as details at the periphery of the applicant's story "'may expose a liar.'" *Id.* at 537 & 539 (citation omitted).

The IJ's adverse credibility finding was based on discrepancies between Nyemb's testimony and statements made to the asylum officer and in his written declaration with respect to (1) injuries suffered during a 2003 detention, (2) the number of times Nyemb was detained in 2003, and (3) facts related to Nyemb's release from detention in 2003. Nyemb has not shown that, under the totality of the circumstances, no reasonable factfinder could have made an adverse credibility ruling based on these discrepancies. *See Wang*, 569 F.3d at 538-39.

The documents submitted by Nyemb in support of his asylum application did not sufficiently corroborate his testimony.[3] *See id.* at 537. The BIA did not err in concluding that the IJ had not erred in determining that additional corroborative evidence, establishing a nexus between the 2003 detention and a fire at Nyemb's residence and his political activities, was reasonably available and should have been produced. *See* § 1158(b)(1)(B)(ii). Because the BIA's decision dismissing Nyemb's appeal from the IJ's decision denying Nyemb's asylum application is supported by substantial evidence, *see Chen*, 470 F.3d at 1134, the petition is DENIED.

---

[3] In reaching this conclusion, we note that many of the documents submitted by Nyemb were not translated. *See* 8 C.F.R. § 1003.33 (foreign language documents must be translated into English and must be accompanied by translator's certificate); *Li v. Holder*, 342 F. App'x 55, 57 (5th Cir. 2009) (holding that the IJ was justified in excluding foreign language documents that were not translated).