# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2013

No. 12-60671
Summary Calendar

Lyle W. Cayce
Clerk

DWAYNE BENT,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A042 463 325

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dwayne Bent, a native and citizen of Jamaica, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming a finding by the Immigration Judge (IJ) that Bent was removable. Bent argues that the IJ and BIA erred in determining that he was removable because his New York state conviction for possession of cocaine in the fifth degree with the intent to sell was an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) because he contends it does not constitute a drug trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime under the Controlled Substance Act.  Bent also challenges the validity of the state conviction, arguing that the facts establish that he did not commit the offense.  He further asserts that his guilty plea was not knowing or voluntary because it was based on the advice of counsel, and counsel failed to advise him of the immigration consequences associated with the guilty plea.

The respondent contends that this court should not address Bent's challenge to the finding that he is removable based on a conviction for an aggravated felony.  The respondent points out that the IJ's removal order was alternately based on a finding that Bent's state conviction qualified as a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i) which references convictions for "violation of . . . any law or regulation of a State, . . . relating to a controlled substance," which encompasses more than the Controlled Substance Act.

Bent fails to challenge or point to anything in the record supporting a challenge to the determination that he was removable under § 1227(a)(2)(B)(i) for having been convicted under state law of a controlled substance offense.  Because the IJ's decision that Bent was removable under § 1227(a)(2)(B)(i) is unchallenged and would not be altered even if this court were to decide favorably on Bent's challenge to the finding that he was convicted of an aggravated felony, this court need not address that issue.  *See Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).

To the extent that Bent challenges the validity of the state conviction, he has not shown that the conviction has been overturned and therefore may not collaterally attack the conviction in this proceeding.  *See Singh v. Holder*, 568 F.3d 525, 528 (5th Cir. 2009).

Bent's petition for review is DENIED.