# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2018

Lyle W. Cayce
Clerk

No. 17-60443
Summary Calendar

SONIA GUADALUPE RIVAS DE ORTEGA; JUAN FRANCISCO ORTEGA-HERRERA; ELIDA GUADALUPE ORTEGA-RIVAS; JUAN FRANCISCO ORTEGA-RIVAS; JERSON RODRIGO ORTEGA-RIVAS,

     Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

     Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos.    A202 003 087
A202 003 088
A202 003 089
A202 003 090
A206 187 582

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

No. 17-60443

PER CURIAM:[*]

Sonia Guadalupe Rivas De Ortega, Juan Francisco Ortega-Herrera, and their three children Elida Guadalupe Ortega-Rivas, Juan Francisco Ortega-Rivas, and Jerson Rodgrigo Ortega-Rivas, are natives and citizens of El Salvador.[1] They petition for review of the decision by the Board of Immigration Appeals (BIA) affirming the denial by the Immigration Judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture. The crux of their petition is that when Ortega-Herrera served as a member of El Salvador's Civil National Police, corrupt police officers began threatening him and his family when he failed to comply with their orders to tamper with an investigation, and they fear for their safety if they return to El Salvador.

While we generally have authority to review only the BIA's decision, we may review the IJ's decision if the BIA adopts it.[2] Because the BIA adopted and elaborated upon the IJ's decision, we consider both. The IJ determined that the petitioners were not entitled to relief because their accounts were not credible, and that regardless, they had failed to sustain their burdens of proof on their claims.

An immigration court's findings of fact are reviewed for substantial evidence.[3] This includes determinations that an alien is not eligible for asylum,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Rivas De Ortega's application for asylum in December 2014 listed Ortega-Herrera and the three children as derivative beneficiaries. Ortega-Herrera and the children subsequently filed individual applications for withholding of removal and protection under the convention Against Torture. All of the petitioners raise virtually identical claims.

[2] *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

[3] *Id.* at 536.

2

withholding of removal, or relief under the Convention Against Torture.[4] Under the substantial evidence standard, we may only reverse those findings if "the evidence was so compelling that no reasonable factfinder could conclude against it."[5]

The petitioners challenge the IJ's adverse credibility determination on a number of grounds. We do not have jurisdiction to consider several of these grounds because they were not exhausted before the BIA.[6] In their briefing to the BIA, the petitioners noted that while the form I-213 had referenced a sworn statement made by Ortega-Herrera, the IJ had been unable to locate it in evidence; they argued that this conflicted with the IJ's subsequent reference to the sworn statement. Petitioners did not, however, raise their present argument that the absence of the Record of Sworn Statement rendered the form I-213 unreliable. Similarly, they did not raise the IJ's alleged failures to give them a chance to explain inconsistencies in their testimony or to consider certain threatening phone calls. We may not review these issues before the petitioners have exhausted them with the BIA.

As for the petitioners' other critiques of the IJ's adverse credibility determination, the IJ may "rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."[7] We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility

---

[4] *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

[5] *Wang*, 569 F.3d at 537.

[6] *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009).

[7] *Wang*, 569 F.3d at 538 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), with approval) (internal quotation marks omitted).

ruling."[8] Throughout this review, we remain mindful of the IJ's unique ability to assess credibility by observing the demeanor of the petitioners in relation to any inconsistencies.[9]

The IJ concluded that the petitioners' account of Ortega-Herrera's experience was not credible because from when Ortega-Herrera first entered the United States and explained his circumstances to multiple immigration officers to when he testified before the immigration court, his account escalated in terms of the fear and violence he claimed he had experienced.[10] The IJ additionally questioned Ortega-Herrera's account that he was threatened months after he had already failed to comply with the corrupt officers' orders, Rivas De Ortega's vague descriptions of the black truck that allegedly placed them in fear, Rivas De Ortega's willingness to go to the police statement to obtain documents to support Ortega-Herrera despite her alleged fear of the police, and the fact that those documents referenced gang threats, rather than police corruption, as a basis for Ortega-Herrera to be in danger.[11] Under the circumstances, the totality of the evidence in the petitioners' favor is not so compelling that no reasonable factfinder could fail to find their account

---

[8] *Id.* (quoting *Lin*, 534 F.3d at 167).

[9] *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wang*, 569 F.3d at 539–40.

[10] Petitioners rely heavily on *Singh v. Gonzalez*, 403 F.3d 1081 (9th Cir. 2005), a Ninth Circuit case concerning the reliability of asylum officer notes. As we have previously recognized, *Singh* was not governed by the REAL ID Act of 2005, which gave IJs more discretion in credibility determinations. *See Nyemb v. Holder*, 404 F. App'x 926, 927 n.2 (5th Cir. 2010) (per curiam); *see also* 8 U.S.C. § 1158(b)(B)(iii) (setting forth permissible credibility determinations).

[11] The IJ specifically noted the fact that while Ortega-Herrera and Rivas De Ortega claimed that Ortega-Herrera had told no one about the alleged threats besides Rivas De Ortega and the police chaplain, the letter from the police chaplain discussed gang threats, but made no reference to police corruption.

credible.[12] In light of these adverse credibility determinations, we cannot conclude that the BIA erred in affirming the IJ's denial of their applications.[13]

The petitioners further argue that even if the adverse credibility determinations supported the IJ's denial of their asylum and withholding of removal claims, the BIA erred in failing to independently analyze their claim for protection under the Convention Against Torture.[14] The BIA's discussion of petitioners' Convention Against Torture claim was admittedly brief, and would likely not suffice if that were all we were entitled to review.[15] The BIA incorporated the IJ's findings, however, which included a separate analysis of the Convention Against Torture claim emphasizing the adverse credibility determination and the fact that "Respondents have never been tortured in the past, nor does the evidence suggest that they are at any particular risk of harm in the future." Given the evidence and adverse credibility determination, which bore not just upon the validity of the petitioners' claims for asylum and withholding of removal but also on the veracity of their overall account, the BIA could reasonably conclude that the petitioners had not shown that it was more likely than not that they would be tortured upon their return, or that

---

[12] *See Wang*, 569 F.3d at 538.

[13] *See Dayo v. Holder*, 687 F.3d 653, 657–59 (5th Cir. 2012); *Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994) (per curiam).

[14] The respondent argues that the petitioners failed to exhaust their Convention Against Torture claim because they failed to raise it in their brief before the BIA. This would ordinarily be the case, but it is appropriate for us to "address an issue on the merits when the BIA has done so, even if the issue was not properly presented to the BIA itself." *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010). Because the BIA considered the Convention Against Torture claim and effectively applied the same approach as the IJ, we have jurisdiction to consider whether the BIA properly disposed of the issue.

[15] *See Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018) ("We do not require the BIA to specifically address every piece of evidence before it, but it is error for the agency to fail to address key evidence." (internal quotation marks and alterations omitted)).

such torture would occur by or with the acquiescence of El Salvador's government.[16]

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.

---

[16] *See Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014) (laying out the requirements for protection under the Convention Against Torture).