# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2021

Lyle W. Cayce
Clerk

No. 19-60342

Vu Quang Nguyen, also known as Vi Quang Nguyen, also known as Vu Hguyen,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A057 359 272

---

Before Jones, Clement, and Graves, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Vu Quang Nguyen, a Vietnam native, asks the court to reevaluate a Board of Immigration Appeals decision that affirmed the ruling of an immigration judge who had found that Mr. Nguyen was subject to removal from the United States because he had been convicted of a crime involving moral turpitude. Though Mr. Nguyen has had a few run-ins with the law, the immigration judge based the removal order on his California forgery conviction.

No. 19-60342

To prove the conviction's existence, the Department of Homeland Security submitted a plea agreement and terms of probation form. The form shows that Mr. Nguyen pleaded guilty to forgery, details the facts, and shows that he received a sentence of 240 days in jail and three years of probation. Mr. Nguyen, his lawyer, the prosecutor, interpreter, and the deputy clerk of court all signed the plea agreement. The deputy clerk stamped the agreement as filed. Though this signed, stamped, and filed document lacks a judge's signature, we hold that it can serve as clear and convincing evidence of a conviction and therefore deny Mr. Nguyen's petition for review.

## I.

Mr. Nguyen was admitted to the U.S. as a lawful permanent resident in 2004. California authorities arrested him multiple times between 2010 and 2011. Records show that he entered guilty pleas for three counts of burglary, three counts of false presentation of identifying information, and one count of forgery.

In 2018, authorities apprehended Mr. Nguyen at George Bush Intercontinental Airport where he applied for admission to the U.S. as a lawful permanent resident. DHS served him with a Notice to Appear and charged him with removability pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien convicted of a crime involving moral turpitude.

Mr. Nguyen appeared before the immigration judge and admitted the allegations regarding his nationality but denied the charges related to his forgery conviction. He did not file an application for relief from removal but instead challenged the grounds for removal. He argued that the document presented, the "Advisement and Waiver of Rights for a Felony Guilty Plea" that includes a "Terms and Conditions of Felony Probation" page, was insufficient to establish the existence of a conviction under 8 U.S.C. § 1101(a)(48)(A) by clear and convincing evidence. Mr. Nguyen admitted that he signed the plea agreement form and accepted that forgery is a crime involving moral turpitude. But he instead argued that the form did not show

an adjudication of guilt because it lacked a judge's signature and failed to show that a judge or jury had imposed a sentence.

The immigration judge rejected these arguments because the plea agreement was signed by Mr. Nguyen, his defense counsel, and the prosecutor and was stamped as filed and signed by the deputy clerk. The form showed that Mr. Nguyen pleaded guilty to the charged offenses and specified the agreed disposition of 240 days in jail with credit for time served and three years of probation. Accordingly, the immigration judge found that the form was clear and convincing evidence of a criminal conviction because it contained an indication of guilt and the sentence imposed. Based on the clear and convincing evidence of a forgery conviction, the immigration judge ordered that Mr. Nguyen be removed.

Mr. Nguyen appealed and raised the same arguments before the Board of Immigration Appeals. But it too found that the form was clear and convincing proof of a forgery conviction and concluded that the signed and stamped plea agreement constituted an "official record of plea, verdict, and sentence" for Mr. Nguyen's forgery offense. 8 U.S.C. § 1229a(c)(3)(B)(ii). Mr. Nguyen filed a timely petition for review.

## II.

Due to a jurisdiction-stripping provision, this court generally lacks jurisdiction to review removal orders of aliens convicted of a crime involving moral turpitude. 8 U.S.C. §§ 1252(a)(2)(C), 1182(a)(2)(A)(i)(I). But the provision creates an exception that allows us to review constitutional claims and questions of law. § 1252(a)(2)(D); *see Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062 (2020). We conclude we can address a legal question like whether 8 U.S.C. § 1101(a)(48)(A) requires DHS to produce a document bearing a judge's signature to prove the existence of a conviction. While such questions of law are reviewed de novo, we give "deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that

the BIA's interpretation is incorrect." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

## III.

Section 1101(a)(48)(A) defines "conviction" as a "formal judgment of guilt." Mr. Nguyen takes the idea that a formal judgment of guilt requires a judge's signature from *Singh v. Holder*, 568 F.3d 525 (5th Cir. 2009). In that case, the panel was trying to determine whether the date of conviction was the date the jury entered a verdict or the date a judge imposed a sentence. *Id.* at 526-27.

Singh had fled after a jury found him guilty of unlawful wounding in 1987 but before sentencing. *Id.* His flight resulted in over a ten-year gap between the jury's verdict and the imposition of a sentence, which was finally imposed in 1998. *Id.* To deny him naturalization rights, INS had to show that the conviction occurred after 1990. *Id.* at 527. The panel looked to section 1101's definition of conviction for guidance and concluded that the conviction occurred at the time of sentencing. *Id.* at 530-31.

When interpreting section 1101, the panel followed the lead of both the Second and Third Circuits, which had defined "judgment of guilt" by reference to the analogous term "judgment of conviction" found in Federal Rule of Criminal Procedure 32(k)(1). *Id.* (citing *Puello v. Bureau of Citizenship and Immigr. Servs.*, 511 F.3d 324, 329 (2d Cir. 2007); *Perez v. Elwood*, 294 F.3d 552, 562 (3d Cir. 2002)).[1] The rule provides that "[i]n the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the *sentence*." Fed. R. Crim. P. 32(k)

---

[1] Federal Rule of Criminal Procedure 32(k)(1) reads:

> *In General.* In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence. If the defendant is found not guilty or is otherwise entitled to be discharged, the court must so order. The judge must sign the judgment, and the clerk must enter it.

(emphasis added). The panel took this to mean that without a sentence there is no judgment of guilt or judgment of conviction and thus no conviction. The *Singh* panel remarked that such an understanding aligns with the Supreme Court's pronouncement that "'[f]inal judgment in a criminal case . . . means sentence. The sentence is the judgment.'" 568 F.3d at 530 (quoting *Corey v. United States*, 375 U.S. 169, 174 (1963)).

While the *Singh* panel relied on part of Rule 32(k) as one piece of an argument to establish that a conviction occurs when the court imposes a sentence, Mr. Nguyen insists we should adopt all of Rule 32(k)'s requirements into section 1101's definition of conviction, in particular the one that the "Judge must sign the judgment, and the clerk must enter it." Fed. R. Crim. P. 32(k).

But no court has imported all of Rule 32(k)'s requirements into section 1101's definition of conviction and found that the documents offered as proof must include a judge's signature. The Second Circuit dispelled the notion that section 1101's definition of conviction includes all of Rule 32(k)(1)'s requirements in *Singh v. Department of Homeland Security*, 526 F.3d 72 (2d Cir. 2008). There the court found that a Conditions of Probation document signed only by Singh and the clerk of court could serve as proof of a conviction because it was an official record of a sentence. *Id.* at 79.

Mr. Nguyen's signature argument also runs headlong into problems with another portion of the Immigration and Nationality Act, specifically, section 1229a(c)(3)(B). That section offers a list of documents that "shall constitute proof of a criminal conviction." 8 U.S.C. § 1229a(c)(3)(B). The list includes not only documents like an official record of plea, verdict, and sentence but also documents like a docket entry from court records that indicates the existence of a conviction; official minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of a conviction; and an abstract of conviction prepared by the court in which a conviction was entered. § 1229a(c)(3)(B)(ii)–(v). Not all of these documents

No. 19-60342

would be expected to bear a judge's signature. For instance, finding a judge's signature on a docket entry or transcript would be a surprise.

The BIA concluded that the plea agreement at issue here constituted an official record of plea, verdict, and sentence under 1229a(c)(3)(B)(ii) and could thus serve as evidence of a conviction. But if it were not to count as an official record of plea, verdict, and sentence, because it lacks a judge's signature, a different provision of 1229a(c)(3)(B) would cover it. Part (vi) discusses records "prepared by, or under the direction of, the court in which the conviction was entered that indicate[] the existence of a conviction." § 1229a(c)(3)(B)(vi). This plea agreement form shows the imposition of a sentence, and the form is specific to Orange County and the deputy clerk of court for Orange County signed it and stamped it as filed. So alternatively, the form would fall within the scope of 1229a(c)(3)(B)(vi) as a document prepared under the direction of the court in which the conviction was entered.

## IV.

Consequently, Mr. Nguyen has failed to show that the immigration judge or BIA violated a statutorily imposed evidentiary requirement by finding that the plea agreement at issue proved the existence of a forgery conviction by clear and convincing evidence. It is not, as a matter of law, deficient or inadmissible. Petition for review DENIED.